## BETTIS et al. *v.* AMONETT.

The right of the commissioner of the general land office of the United States to vacate

BETTIS
v.
AMONETT.

illegal entries of the public lands, prior to the issuing of a patent, has been repeatedly recognized, and can no longer be questioned.

Where an act of Congress making a donation of public lands to a State, directs the secretary of the treasury of the United States to make the location of these lands, and a resolution of the legislature of the State authorizes the governor to ask for their location, and provides for the contingency of the authority being conferred on him to make the selection, a selection of the lands by the governor, and the acquiescence of the government of the United States in a location made in accordance therewith, will be legal. *Per Cur :* The power of the secretary of the treasury to delegate the authority to designate the lands for location, cannot be doubted.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas* and *Snyder*, for the plaintiffs. *Amonett*, for the appellants. The judgment of the court was pronounced by

KING, J. This is a petitory action, instituted for the recovery of a fractional section of land, acquired by the plaintiffs from the State of Louisiana, and for rents from the date of their purchase. The defendant claims under a title eminating originally from the United States, and prays, in the event of eviction, for the value of his improvements. The cause was tried by a jury, who gave the plaintiffs the land claimed, and compensated the value of the improvements with the rents. From a judgment rendered in conformity to this verdict, the defendant *B. F. Amonett*, *W. Amonett*, the executor of *Slaughter*, and *T. W. Amonett*, have appealed.

The land in controversy was acquired by the State of Louisiana from the United States, under the provisions of the act of the 3d March, 1827, (Story's U. S. Laws, p. 2072,) authorizing the secretary of the treasury to locate two townships of land for the use of a seminary of learning, and was sold by the State to the plaintiffs, to whom a patent has been issued.

The selection of a part of the lands authorized by this statute, including the tract claimed by the plaintiffs, was made by the governor of this State, on the 3d July, 1835. Prior to this location the fractional section in dispute was entered by *Shaddoc* and *Ross*. Their entry, however, was subsequently cancelled by the commissioner of the land office, on the ground that they had failed to establish their right to enter it, and the receiver was authorized to refund the price. Notwithstanding this action of the commissioners, the original purchasers and their vendors have continued to occupy and cultivate the land ever since.

It is contended by the defendant that the sale to *Ross* and *Shaddoc* divested the United States of their title, and that the subsequent designation of this land for the use of a seminary of learning, was illegal and void.

The right of the commissioner to vacate illegal entries of lands, prior to issuing of patent, has been repeatedly recognized, and can no longer be questioned. *Pepper* v. *Dunlap*, 9 Rob. 288. *Guidry* v. *Woods*, 19 La. 337.

It is next contended that the act of the 3d of March, 1827, directs the location of the seminary lands to be made by the secretary of the treasury, and that the selection made by the governor of this State was in itself illegal, and has not been since approved.

A resolution of the legislature of this State, passed in 1835, requested the governor to ask for the location of the seminary lands, and provided for the contingency of the authority being conferred on that officer to make the selection. See Acts of 1835, p. 158. That the secretary of the treasury could delegate the authority to designate the lands for location cannot be doubted, and the acquiescence of the general government in the locations which were thus made, and which have been matters of record in the land department for fourteen years, must, in

the absence of proof of the reverse, be taken as evidence both of the delegation of authority to the executive of this State to make the designation of lands, and of the approval of his acts by the secretary of the treasury. The previous entry of *Ross* and *Shaddoc* having been set aside, the location made by the State of Louisiana was valid.

The plaintiffs have asked that the judgment appealed from be amended, by allowing them rents from the date of their purchase. The jury considered that the improvements made by the defendant were a fair equivalent for the rents, and the testimony upon this point is not such as to authorize us to interfere with their verdict.                         *Judgment affirmed.*